IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD KOMORI, et al.,<br><br>Defendants. | CIVIL NO. 20-00346 DKW-WRP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

### ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is pro se Plaintiff Francis Grandinetti's ("Grandinetti") Motion for Reconsideration of Order Denying FRAP 3 and 4 Relief for Extension or Enlargement of Time ("Motion to Reconsider"). ECF No. 8. Grandinetti moves the Court to reconsider its October 2, 2020 order, ECF No. 5, denying his motion for an extension of time to file a notice of appeal, ECF No. 4. For the following reasons, the Motion to Reconsider is DENIED.

### I. BACKGROUND

On August 13, 2020, the Court dismissed this action without prejudice to refiling upon payment of the civil filing fees, and the Clerk entered judgment the same day. ECF Nos. 2, 3; *see* 28 U.S.C. § 1915(g). Any notice of appeal ("NOA") was due by September 14, 2020. Fed. R. App. P. 4(a)(1)(A),

26(A)(1)(c).  The court received and filed Grandinetti's Notice of Appeal ("NOA") and Motion for Extension of Time to File Notice of Appeal ("Extension Motion") on September 28, 2020.  ECF No. 4.  Grandinetti had signed and apparently tendered the NOA and Extension Motion to prison authorities for mailing to the court on or about September 20, 2020.  ECF Nos. 4, 5.  The Court accepted this date as the NOA's and Extension Motion's constructive dates of filing.  *See Houston v. Lack*, 487 U.S. 266, 273-76 (1988); ECF No. 6 at PageID # 69.

The Court denied the Extension Motion concluding that, although there was no prejudice to the non-moving parties and little discernible impact on any judicial proceeding, Grandinetti failed to show excusable neglect or good cause.  *Id.* at PageID # 69–70.  Moreover, the Court found that any appeal would not be taken in good faith because Grandinetti has three strikes pursuant to 28 U.S.C. § 1915(g), and his pleadings failed to show that he was in imminent danger of serious physical injury when he filed the Complaint.  *Id.*  After considering all the *Pioneer* factors, the Court found that Grandinetti failed to show that an extension of time was warranted under Fed. R. App. P. 4(a)(5)(A).  *Id.*  The Court also concluded that Grandinetti was not entitled to reopening the time to appeal under Fed. R. App. P. 4(a)(6).  *Id.* at PageID # 70–71.  The Court denied, therefore, Grandinetti's Extension Motion.

## II.  DISCUSSION

Grandinetti moves the Court to reconsider its October 2, 2020 order denying his Extension Motion.  ECF No. 8.  Rule 60(b) of the Federal Rules of Civil Procedure "provides for reconsideration upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Grandinetti v. Hyun*, Civ. No. 16-00470 DKW/KJM, 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017).

Grandinetti does not challenge the reasoning supporting the Court's October 2, 2020 order denying his Extension Motion.  Instead, he argues that "the 60-day rule for NOA may be applicable."  ECF 8 at PageID # 73.  That argument is unpersuasive.  While Rule 4(a)(1)(A) states that a notice of appeal in a civil case generally must be filed within thirty days after entry of judgment, Rule 4(a)(1)(B) provides that any party may file a notice of appeal within sixty days after entry of judgment if one of the parties is: (1) the United States; (2) a United States agency; (3) a United States officer or employee sued in an official capacity; or (4) a current

3

or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf.  Fed. R. App. P. 4(a)(1)(B).  Rule 4(a)(1)(B) does not apply here, however, because the United States, a United States agency, or a United States officer or employee is not a party to this action.

Although Grandinetti listed several federal defendants in the caption of his Complaint, including the Federal Detention Center ("FDC") "Branch Administrator," FDC "Branch Contract Monitors," FDC Branch Staff and Contractors," the United States Marshals Service, and the United States of America, *see* ECF No. 1 at PageID # 1, "[a] person or entity can be named in the caption of a complaint without necessarily becoming a party to the action."  *U.S. ex rel. Eisenstein v. City of New York, N.Y.*, 556 U.S. 928, 935 (2009); *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321 (4th ed. 2018) ("[T]he caption is not determinative as to the identity of the parties to the action.").  Indeed, "the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption."  *Hoffman v. Halden*, 268 F.3d 280, 303-04 (9th Cir. 1959), *overruled in part on other grounds by Cohen v. Norris*, 300 F.2d 24, 29-30 (9th Cir. 1962).

Grandinetti is a state prisoner in the custody of the Hawaiʻi Department of Public Safety who was incarcerated at the Saguaro Correctional Center ("SCC") and is currently incarcerated at the Halawa Correctional Facility ("HCF"). While Grandinetti made various factual allegations in his Complaint regarding his August 2020 transfer from the SCC to the HCF, ECF No. 1 at PageID # 1, none of them involved the federal defendants. Nor did Grandinetti otherwise assert any claims against the federal defendants. *See Sands v. Ariz. Dep't of Corr.*, 909 F.2d 1489, 1489 (9th Cir. 1990) (unpublished) (agreeing with district court that institutional defendant was not a proper party to the complaint because plaintiff failed to make specific allegations against it). Grandinetti's Motion to Reconsider is therefore DENIED.

This suit remains CLOSED. The Court will take no further action herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAIʻI, November 2, 2020.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Francis Grandinetti v. Howard Komori, et al*; Civil No. 20-00346 DKW-WRP;
**ORDER DENYING MOTION FOR RECONSIDERATION**